UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                     )
                                           )
GARY L. STRODE                             )
MAE R. STRODE                              )    CASE NO. 07-10160(1)(13)
                                           )
                    Debtor(s)              )

### MEMORANDUM-OPINION

This matter is before the Court on the Objection to Claim of Edmonton State Bank ("the Bank") of Debtors Gary L. Strode and Mae R. Strode ("Debtors"). The Court considered the Objection, the Response to the Objection to Proof of Claim of the Bank, the comments of counsel at the hearing held on the matter and the post-hearing briefs submitted by the parties. For the following reasons, the Court sustains the Debtors' Objection to the Claim of Edmonton State Bank.

### FACTS

The Debtors financed the purchase of their residence with a mortgage loan from the Bank. The Debtors defaulted on the loan and the Bank instituted a foreclosure proceeding in Monroe Circuit Court. Debtors failed to answer the foreclosure Complaint and a Default Judgment and Order of Sale was entered by the State Court on January 24, 2007 ("the Judgment").

The Judgment entered against the Debtors was for $38,577.68, plus ". . . court costs, plus interest at the rate agreed upon in the Note until the date of Judgment, plus Judgment interest from the date of Judgment forward, plus reasonable attorney's fees in an amount equal to 15% of the entire judgment balance as contracted between Plaintiff and counsel." See, Ex. 1 to the Bank's Post Hearing Memorandum, Docket #41.

The Judgment was not appealed and is final.

On February 14, 2007, the Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On May 10, 2007, Debtors filed their Objection to the Bank's claim contending the attorney's fee awarded by the State Court in the Judgment is too high.

On June 18, 2007, the Bank filed its Response to the Debtors' Objection contending the State Court Judgment should be given preclusive effect in accordance with the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. 4, §1; 28 U.S.C. §1738.

## LEGAL ANALYSIS

Debtors object to the attorney's fee award of $5,890.47 in the Judgment because they claim it is not reasonable pursuant to 11 U.S.C. §506. The Bank, however, contends the award of the attorney's fee is enforceable under state law pursuant to KRS 411.195 and that the Judgment is entitled to full faith and credit by this Court.

The issue before the Court is whether the attorney's fee awarded to the Bank by the State Court is *res judicata* as to the amount of fees allowable to the Bank in the Debtors' Chapter 13 case pursuant to 11 U.S.C. §506(b). The statute governs the right of an oversecured creditor, such as the Bank, to attorneys' fees. Ordinarily, property interests are created and defined by state law. See, Butner v. United States, 440 U.S. 48, 54-57 (1979). Also, in general, a bankruptcy court must give preclusive effect to a prior state court judgment. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). There are, however, two grounds on which a proof of claim based on a prior judgment may be challenged. They are: (1) lack of jurisdiction of the court which rendered the judgment over the parties or the subject matter; and (2) procurement of the judgment

by fraud. Heiser v. Woodruff, 327 U.S. 726, 736 (1946). Regardless of these two grounds, this Court is still bound by the general principles of *res judicata*.

The Court finds that this case is squarely on point with that of In re Harper, 146 B.R. 438 (Bankr. N.D. Ind. 1992). In that case, the bankruptcy court held a pre-petition state court judgment of foreclosure including an award of attorneys' fees would not be given preclusive effect by the bankruptcy court where the mortgagee was oversecured. The Court held that the reasonableness of any attorney's fee award under 11 U.S.C. §506(b) is determined by federal law. Id. at 441 and cases cited therein. Since the creditor herein is oversecured, the attorney's fee award is subject to the reasonableness standard set forth in 11 U.S.C. §506(b).

In Harper, the court specifically determined that the terms of 11 U.S.C. §506(b) mandate that bankruptcy courts apply exclusively a federal standard as to the reasonableness of attorneys' fees allowable to an oversecured creditor arising out of an agreement. This is an implied exception to the full faith and credit doctrine of the United States Constitution. Harper, 146 B.R. at 446. The creditor has the burden of demonstrating reasonableness by providing a detailed description of the services rendered, supporting documentation or other evidence to aid the bankruptcy court in its determination thereon. The bankruptcy court may also inquire into whether the services rendered are within the scope of the services covered by the attorney's fee provision of the applicable agreement and whether the services in question were reasonably required under the circumstances. Id.

For these reasons, this Court will determine the reasonableness of the attorney's fees requested by the Bank as an oversecured creditor pursuant to 11 U.S.C. §506(b). The Bank will be

given 30 days to file an amended proof of claim with supporting evidence as to the reasonableness of its attorney's fees.

The Court's ruling herein comports with the original agreement between the Debtors and the Bank. The Promissory Note evidencing the Debtors' obligation with the Bank did not provide for an attorney's fee equal to 15% of the Judgment as was awarded by the State Court. In fact, as the Judgment states the 15% fee was "as contracted between Plaintiff [the Bank] and Counsel." The Promissory Note provides as follows:

> ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this note if I [Debtor] do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

See, Ex. A to the Bank's Proof of Claim. Thus, a determination as to a reasonable fee is in line with the original contract between the Debtors and the Bank. As the Harper court analyzed, a default judgment containing an excessive fee may have a considerable effect in a subsequent Chapter 13 case if required to be given preclusive effect by the bankruptcy court. It may affect feasibility of the plan, reduce the dividend payable to general unsecured creditors and implicate other issues not considered in a state court foreclosure proceeding. See, Harper, 146 B.R. at 447. Quite simply, the right to attorneys' fees for oversecured creditors is a federal right, with no source in state law. Thus, it is a matter of exclusive jurisdiction of the federal courts. Consequently, the Bank's request for an attorney's fee is subject to the reasonableness standard of 11 U.S.C. §506(b) and a determination by this Court.

## **CONCLUSION**

For the above reasons, the Objection to Claim of Edmonton State Bank of Debtors Gary L. Strode and Mae R. Strode is **SUSTAINED**. Creditor Edmonton State Bank will be given 30 days from the entry of the accompanying Order to amend its claim with sufficient evidentiary support and the Debtors will be given an opportunity to object, if they so choose, before this Court's determination as to the reasonableness of an attorney's fee award pursuant to 11 U.S.C. §506(b).

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
 )
GARY L. STRODE )
MAE R. STRODE ) CASE NO. 07-10160(1)(13)
 )
            Debtor(s)         )

### **ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Claim of Edmonton State Bank of Debtors Gary L. Strode and Mae R. Strode, be and hereby is, **SUSTAINED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Creditor Edmonton State Bank may file an amended proof of claim pertaining to a request for attorneys' fees in accordance with the terms of the accompanying Memorandum-Opinion within 30 days after the date of entry of this Order. Debtors Gary L. Strode and Mae R. Strode shall have 20 days thereafter to respond to the amended proof of claim.